IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LISA W., | : | |
| | : | Case No. 1:25-cv-416 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and Recommendation |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the July 29, 2026 Report and Recommendation issued by the Magistrate Judge on July 29, 2026 in this Disability Insurance Benefits ("DIB") case. (Doc. 10.) In the Report and Recommendation, the Magistrate Judge recommended that the Commissioner of Social Security's ("Commissioner's) non-disability determination be affirmed and the case be terminated from the docket of this Court. (*Id.*) Plaintiff filed timely Objections to the Report and Recommendation (Doc. 11), to which Defendant filed a Response. (Doc. 12.) For the reasons that follow, the Court will **OVERRULE** Plaintiff's Objections and **ADOPT** the Report and Recommendation. (Doc. 10.)

## I. BACKGROUND

### A. Administrative Procedural History

On May 25, 2022, Plaintiff filed an application for DIB for several alleged impairments, including lumbar degenerative disc disease, cervical degenerative disc disease, headaches, radiculopathy, depression, left knee osteoarthritis, and anxiety. (Doc. 7 at PageID 39, 269.) On October 24, 2022, the Commissioner denied Plaintiff's application. (*Id.* at PageID 130–31.) On March 10, 2023, Plaintiff's request for reconsideration was denied. (*Id*. at PageID 145.)

Plaintiff requested and received a video hearing before Administrative Law Judge ("ALJ") Leslie Perry-Dowdell on February 22, 2024. (*Id*. at PageID 39.) On May 30, 2024, the ALJ issued a Decision in which she determined that Plaintiff had not been under a disability within the meaning of the Social Security Act from June 15, 2019 through the date of the Decision and addressed the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. (*Id.* at PageID 36–54.)

**B. ALJ's Decision**

To determine whether a claimant is disabled, the ALJ follows a five-step sequential evaluation process as set forth in 20 C.F.R. § 404.1520. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). As part of this process, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

The ALJ made the following findings in her Decision, as aptly summarized by the Magistrate Judge:

> Step 1: Plaintiff has not engaged in substantial gainful activity since June 15, 2019, the alleged onset date.
>
> Step 2: She has the following severe impairments: degenerative disc disease (DDD), hypertension, and obesity.
>
> Step 3: She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: Her residual functional capacity (RFC), or the most she can do, despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work as defined in 20 C.F.R. § 404.1567(b) except occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; frequently balance and occasionally stoop, kneel, crouch, and crawl; no overhead reaching, avoid all exposure to hazards such as heights and machinery, no

> commercial driving with a sit/stand option allowing her to change positions every hour but remain on task."
>
> Plaintiff is unable to perform any past relevant work.
>
> Step 5: Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. 10 at PageID 503–04 (summarizing Doc. 7 at PageID 42–54).) The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since June 15, 2019. (*Id.* at PageID 504 (citing ALJ Decision, Doc. 7 at PageID 54).) The Appeals Council denied Plaintiff's request for review of the ALJ's Decision on April 17, 2025. (Doc. 6, ¶ 3.)

### C. Plaintiff's Statement of Errors and the Magistrate Judge's Report and Recommendation

On June 20, 2025, Plaintiff filed this federal action seeking review of the ALJ's Decision. (Doc. 6.) On November 4, 2025, Plaintiff filed a Statement of Errors, asserting that the ALJ erred by failing to properly evaluate her physical disabilities and, in turn, the opinion evidence of record. (Doc. 8.) Specifically, Plaintiff contended that the ALJ inappropriately dismissed and failed to adequately explain her decision to reject the medical opinions of Robert Hammond, OTR/L, CFCE, QJDA (occupational therapist and functional capacity evaluator); Brandon Grant, CNP; and Liju John, M.D. (Doc. 8; *see* Doc. 10 at PageID 507–13 (summarizing).) Those medical opinions opined limitations that were more restrictive than the RFC adopted by the ALJ. (*Id.*); *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). On December 15, 2025, Defendant responded in opposition, arguing that the ALJ properly considered the record as a whole and identified substantial evidence to support her RFC findings. (Doc. 9.)

On July 29, 2026, the Magistrate Judge reviewed the administrative record and law and determined that the ALJ properly and adequately evaluated Mr. Hammond's opinion, Nurse Grant's opinion, and Dr. John's opinion. (Doc. 10 at PageID 508–13.) The Magistrate Judge

also determined that the ALJ properly considered Plaintiff's testimony, and the findings with respect to that testimony are supported by substantial evidence. (*Id.* at PageID 516.)

The Magistrate Judge correctly cited that the regulations mandate that an ALJ "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] determination or decision." 20 C.F.R. § 404.1520c(b)(2); *see also Kenneth M. v. Comm'r of Soc. Sec.*, No. 3:24-cv-00182, 2025 WL 1948987, at *6 (S.D. Ohio July 16, 2025) (citing *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021)) ("[I]t is the obligation of the ALJ 'to show his or her work, *i.e.*, to explain in detail *how the factors were applied* in each case, to each medical source.'"). As set forth in 20 C.F.R. § 404.1520c(c)(1)–(2):

> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)–(2). The "supportability" factor "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Kenneth*, 2025 WL 1948987, at *5 (quoting *Reusel v. Comm'r of Soc. Sec.*, No. 5:20-cv-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021)). In evaluating consistency, "the more consistent a medical opinion(s) or prior administrative medical finding (s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive they will be. 20 C.F.R. § 404.1520c(c)(2).

The Magistrate Judge addressed the opinion evidence of all three medical experts. (*See* Doc. 10 at PageID 507–513.) The Magistrate Judge determined that the ALJ addressed both the supportability and consistency factors when evaluating the medical opinions of Mr. Hammond, Nurse Grant, and Dr. John, and that the explanation of these factors was sufficient to satisfy the

applicable regulations. (*Id.* at PageID 509–13.) Further, the Magistrate Judge determined that the ALJ relied upon substantial evidence to support the conclusion that the opinions of Mr. Hammond, Nurse Grant, and Dr. John were not persuasive. (*Id.*)

With respect to Plaintiff's testimony, the Magistrate Judge applied the two-step process for evaluating a claim of disabling severity symptoms as outlined in 20 C.F.R. § 404.1529.[1] (*Id.* at PageID 513–14.) An ALJ's assessment of an individual's subjective complaints and limitations must be supported by substantial evidence and be based on a consideration of the entire record; however, it is the job of the ALJ, and not the reviewing court, to assess the credibility of the witnesses. *Rogers*, 486 F.3d at 247. Absent a compelling reason, an ALJ's credibility determination will not be disturbed. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Applying this standard, the Magistrate Judge determined that the ALJ adequately considered Plaintiff's testimony and that the ALJ's findings were supported by substantial evidence. (Doc. 10 at PageID 513–16.) Finding that the ALJ complied with the applicable regulations and that substantial evidence supports the ALJ's analysis of the medical opinions and Plaintiff's testimony, the Magistrate Judge recommended the ALJ's Decision be affirmed. (*Id.* at PageID 516–17.)

---

[1] The analysis required has been aptly summarized by the Sixth Circuit:

> First, the ALJ will ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 416.929(a). Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. *Id.* Relevant factors for the ALJ to consider in his evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions. *Id.; see also* Soc. Sec. Rul. 96–7p, 1996 WL 374186, at *2–3 (July 2, 1996) (Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements).

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

**D. Plaintiff's Objections**

On August 12, 2026, Plaintiff filed Objections to the Report and Recommendation, asserting that the Court should review its prior arguments as well as consider the objection raised within.[2] (Doc. 11.) Plaintiff identifies one objection: that the ALJ violated 20 C.F.R. § 404.1520c when evaluating the opinion evidence of record. Plaintiff argues that the Magistrate Judge incorrectly concluded that the ALJ adequately addressed the supportability factor with respect to Mr. Hammond's opinion. (Doc. 11 at PageID 521.) Responding generally, the Commissioner asserts that the Report and Recommendation is well reasoned, supported by the law, and adequately addresses the arguments Plaintiff raised. (*See* Doc. 12.) For the reasons that follow, the Court will **OVERRULE** Plaintiff's Objection (Doc. 11) and **ADOPT** the Report and Recommendation. (Doc. 10.)

## II. STANDARD OF LAW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

"Objections to a magistrate judge's Report and Recommendation must be more than simply a rehashing of arguments previously before the Court." *Kirkland*, 2022 WL 643169, at *4 (citing *United States v. Dawson*, No. 4:19-CR-206, 2020 WL 109137, at *1 (N.D. Ohio Jan.

[2] But, as discussed in the Standard of Law section, rehashing old arguments is not a proper objection. *See Kirkland v. Comm'r of Soc. Sec.*, No. 5:20-cv-2480, 2022 WL 643169, at *4 (N.D. Ohio Mar. 4, 2022) (overruling objections on the basis that they were raised and rejected in the magistrate judge's report and recommendation).

9, 2020) (stating that "[t]he Court need not afford de novo review to objections which merely rehash arguments presented to and considered by the Magistrate Judge")). A general complaint or objection has the same effect as failure to object and is reviewed for clear error. *Id*. at *5 (citing *Austin v. Comm'r of Soc. Sec*., No. 1:19-cv-2380, 2021 WL 1540389, at *4 (N.D. Ohio April 19, 2021)); *Littlepage v. Barrett*, No. 1:20-cv-800, 2021 WL 5275721, at *3 (S.D. Ohio Nov. 12, 2021) (applying clear error review to "objections" that were too general to be considered for de novo review).

When a district court is asked to review the Commissioner's denial of benefits, it must determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Human Servs*., 667 F.2d 524, 535 (6th Cir. 1981)).

The ALJ must resolve conflicts in the evidence and decide questions of credibility. *Id*. (citing *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987)). The ALJ's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. *Id*. (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [ALJ] may proceed without interference from the courts." *Id*. (citing *Mullen*). Thus, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Id.* (citing *Kirk*).

## III. ANALYSIS

Plaintiff raises a singular objection to the Magistrate Judge's Report and Recommendation—that the ALJ violated 20 C.F.R. § 404.1520c when evaluating the opinion

evidence of record.[3] (Doc. 11 at PageID 520.) Specifically, Plaintiff argues that the Magistrate Judge improperly conflated the fact that Mr. Hammond's opinion was based on a one-time examination with the supportability of his medical opinion. (*Id.* at PageID 521.) Supportability "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Kenneth M.*, 2025 WL 1948987, at *5 (quoting *Reusel v. Comm'r of Soc. Sec.*, No. 5:20-cv-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (internal citations omitted)). The more relevant the objective medical evidence and supporting explanations presented by a medical source are to their medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1).

With respect to Mr. Hammond, ALJ's Decision states as follows:

> In addition, on April 24, 2022, [Plaintiff] underwent a physical work performance evaluation with Robert Hammond, OTR/L, CFCE, QJDA who found she was unable to perform sedentary work, and noted, "Gait pattern leaving the evaluation is increasingly antalgic compared to gait pattern used upon arriving for test" and she drove herself to the evaluation (Ex. B2F/1, 4). Mr. Hammond supported his opinion with a written statement based on his one-time examination of the claimant (e.g., Ex. B2F). The undersigned finds the opinion of Mr. Hammond not persuasive because it is based solely on his one-time examination of the claimant which is inconsistent with the MER that supports her ability to perform a range of light work, as defined herein, and demonstrated by throughout the record, she denied joint swelling and limitation of motion, no spinal tenderness, scoliosis, or kyphosis, and full range of motion (ROM) (e.g., Ex. B1F/10, 16, 22, 25, 27) and examinations throughout the record were essentially normal with no focal deficits, gross motor was intact throughout with full (5/5) strength and SLR was negative (Ex. B4F/13, 17, 20, 23, 26, 29-30; and B9F/2, 6, 11).

(Doc. 7 at PageID 50.)

The Magistrate Judge addressed the supportability factor in his analysis by citing the applicable legal standard, and noting that the "ALJ dismisses Mr. Hammond's findings as 'not persuasive' through her consideration of the factors of supportability and consistency," not solely

[3] Plaintiff's general objection, or invitation to the Court to reexamine old arguments, is not a proper objection and will not be considered. *See Kirkland*, 2022 WL 643169, at *4.

because he performed a single examination of the Plaintiff. (Doc. 10 at PageID 508.) Although the analysis was brief, the Magistrate Judge stated that the ALJ considered supportability by finding that the only objective evidence and supporting explanations used to formulate it was a one-time examination, which renders it less persuasive. (*Id*. at 508–09.) The Magistrate Judge next considered the consistency of the opinion with the other medical evidence. (*Id*. at PageID 509.) The Magistrate Judge stated:

> The ALJ's decision clearly contemplates the factors of supportability and consistency and considers the evidence already in the record, which is summarized throughout her decision. The ALJ's analysis of Mr. Hammond's opinion is sufficient to build a logical bridge between the evidence and the ALJ has met the minimum level of articulation necessary to avoid frustrating the court's ability to determine whether the ALJ's findings are sufficiently supported by substantial evidence.

(*Id*. at PageID 509) (internal citations omitted).

As set forth above, the Magistrate Judge devoted analysis to both supportability and consistency of Mr. Hammond's opinion, which included the record as a whole.[4] (*Id*.) The Court agrees with the Magistrate Judge's finding that the ALJ sufficiently considered the supportability factor and that her decision is supported by substantial evidence. As such, Plaintiff's Objections are overruled.

---

[4] The Magistrate Judge also addressed the ALJ's consideration of the consistency of Mr. Hammond's opinion, but Plaintiff does not challenge that analysis. (*See* Doc. 10 at PageID 509.) The Magistrate Judge correctly cited that the ALJ considered consistency and stated Mr. Hammond's opinion was "inconsistent with the MER that supports [Plaintiff's] ability to perform a range of light work . . ." (*Id*. (citing Doc. 7 at PageID 50).)

## IV. CONCLUSION

For the reasons set forth herein, the Court **OVERRULES** Plaintiff's Objection (Doc. 11), **ADOPTS** the Report and Recommendation (Doc. 10), and **DISMISSES** this action from the docket of this Court.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge